IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert Earl Dillard, #220045,<br><br>                              Petitioner,<br><br>vs.<br><br> Warden Williams,<br><br><br><br>                              Respondent. | C/A No. 2:21-cv-03720-JFA-MGB<br><br><br><br>**ORDER** |

## I.    INTRODUCTION

*Pro se* petitioner Robert Earl Dillard ("Petitioner"), a state prisoner, brings this application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

After reviewing the petition, the Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines that this petition should be summarily dismissed without prejudice for lack of jurisdiction and without requiring the Warden to respond. (ECF No. 5). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation. Petitioner filed objections to the Report on January 11, 2022, (ECF

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.).  The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

1

No. 12) and duplicate objections on January 18, 2022 (ECF No. 14). Thus, this matter is ripe for review.

## II.    STANDARD OF REVIEW

A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

Because Petitioner is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow Petitioner to fully develop potentially meritorious cases. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## III.   DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report. Essentially, the Magistrate Judge concluded that Petitioner's present motion constitutes an unauthorized successive petition, therefore the Court lacks jurisdiction to consider the merits of Petitioner's claims and must dismiss this action in its entirety.

In response, Petitioner objected to the Report on four grounds. First, that the Magistrate Judge erred in relying on the prior petitions in order to dismiss the matter as

successive; however, Petitioner avers that the Court never made a definitive ruling on the grounds he raised and therefore "was never finally adjudicated on the merits." (ECF No. 12). Second, that Petitioner is actually innocent and that any time limitation imposed on his petition was erroneous. *Id.* Third, that Petitioner was illegally held by the parole board as it unlawfully assumed judicial functions beyond its jurisdiction when it declined to grant Petitioner parole. Finally, that the new habeas action was centered on the alleged unconstitutional actions of the Parole Board and that it was an abuse of judicial discretion on the part of the Magistrate Judge to address the claim. The Court will address these objections below.

First, Petitioner has filed four previous petitions attempting to challenge his murder convictions and sentence pursuant to § 2254. The Magistrate Judge found in the Report that Petitioner's original attempt was untimely under the one-year statute of limitations set forth in 28 U.S.C. 2244(d). Petitioner subsequently filed his second, third, and fourth petitions, which the Court summarily dismissed for lack of jurisdiction because the initial petition was adjudicated on the merits and dismissed with prejudice. In each of those instances, the Court found jurisdiction lacking because the petition was "second or successive" under 28 U.S.C. § 2244, and Petitioner filed the petition without first getting proper authorization from the Fourth Circuit Court of Appeals. The instant motion is no different as Petitioner attempts to challenge the same murder convictions and sentence under the ground of actual innocence. However, Petitioner has not sought authorization from the Fourth Circuit. Therefore, the Court must dismiss the claim, without prejudice, for lack of jurisdiction.

Petitioner's second, third, and fourth listed objections are, although brief, general and conclusory. In his second objection, Petitioner makes broad assertions about his innocence and therefore the time constraint barring his initial § 2244 should be irrelevant. The third and fourth objections can be described as a general displeasure with the Parole Board's findings and his claims that they are unconstitutional are without merit. Here, Petitioner's objections are general conclusions based on his opinion that the Parole Board decision making process is flawed as it is "unconstitutional." However, he provides no support or context for these claims other than the broad assertion that it violates the separation of powers and is an abuse of judicial discretion. Although Petitioner utilizes the moniker "objection" throughout these filings, each "objection" is nothing more than a vague statement devoid of any reference to the Report and completely lacking in any support or citation.

In summation, Petitioner's filings fail to offer any specific reference to the Report which would allow the undersigned to focus on any issue, either factual or legal, with which he feels has been reached in error. "Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007). Because Petitioner has failed to offer any specific objections which would allow for a de novo review, the Court is only required to review the Report for clear error and is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Consequently, this Court has reviewed the Report and finds no error which would warrant any further action or correction.

## IV.    CONCLUSION

After carefully reviewing the applicable laws, the record in this case, the Report, and the objections thereto, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation and incorporates herein by reference. (ECF No. 5). Consequently, the Court summarily dismisses the action without prejudice and without requiring the Warden to respond as the Court lacks jurisdiction.[2]

IT IS SO ORDERED.

January 25, 2022                                     Joseph F. Anderson, Jr.
Columbia, South Carolina                    United States District Judge

---

[2] This order also disposes of Petitioner's duplicate objections (ECF No. 14).